UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14065-CR-MARTINEZ/LYNCH(s)(s)

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMTANNA RODERICK BURGESS,

Defendant.
_____/



FILED by ___ D.C.

AUG - 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 12-1898]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, Mr. Reagan's letter of explanation, the attached time records setting forth the tasks performed and the time devoted to each task, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. Counsel for the Defendant seeks reimbursement of 6.3 hours of in-court time at the rate of $125.00 an hour for a total sum of $787.50. Mr. Reagan seeks reimbursement of 118.8 hours of out-of-court time at the rate of $125.00 an hour for a total of $14,850.00. He claims travel expenses in the amount of $918.58 and attaches explanations as to those travel expenses. Finally, his "other expenses" are in the amount of $24.80. The receipt attached from Office Depot appears to be in relation to purchase of miscellaneous binders for the case. The CJA Administrator has adjusted the hours and amounts as more particularly reflected on the face of the voucher. This Court has accepted those adjustments in making its determination.

2. This Court has reviewed the voucher, the time records attached as referenced above, as well as Mr. Reagan's letter of explanation concerning the case in general. This Court conducted all of the pretrial proceedings in this case and is therefore familiar with the matters as they relate to the Defendant Burgess and his co-defendants.

3. This case originated by way of a Criminal Complaint. The Defendant appeared for his initial appearance on that Complaint before this Court on September 11, 2012. Counsel for the Defendant, Mr. Reagan, was appointed as Criminal Justice Act counsel by Order of September 13, 2012. This Court conducted a Detention Hearing on September 18, 2012 and detained the Defendant Burgess.

4. The Indictment was returned on September 20, 2012 and the Defendant Burgess was arraigned on that Indictment before this Court on September 21, 2012. There have been several discovery responses as well as notices of expert witness testimony filed by the government in this case. This Court notes according to the docket that there were at least seven discovery responses from the government in this matter as to the Defendant Burgess.

5. A Superseding Indictment was returned on November 15, 2012 and the Defendant was arraigned on that Superseding Indictment by this Court on November 29, 2012. On or about February 11, 2013, the Defendant Burgess executed a Waiver of Indictment and a Superseding Information was filed against him. This Court arraigned the Defendant Burgess on that Superseding Information on February 11, 2013. On that same date, a Plea Agreement and Stipulated Factual Basis were entered into by the government and the Defendant Burgess and his counsel. The docket reflects that Judge Martinez conducted the change of plea hearing and accepted the Defendant's plea of guilty to the

charge in the Superseding Information which was knowingly possessing a stolen firearm, in violation of Title 18, United States Code, Sections 922(j), 924(a)(2) and 2. The Defendant was sentenced by Judge Martinez on May 9, 2013 to a period of eighty-four (84) months incarceration in the Bureau of Prisons to be followed by three years of supervised release.

6. There were no extensive evidentiary hearings in this matter. There were motions for investigative funds/expert funds.

7. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings.

8. The attorney's fees sought by Mr. Reagan exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). This Court must determine whether there is justification to waive or exceed the statutory cap of $9,700.00. In making such a determination, this Court must determine if the matter was "extended" or "complex" as defined in that statute and the applicable case law.

9. An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

10. This case proceeded in a normal fashion. As mentioned previously, there were no extensive hearings nor evidentiary issues to be decided by this Court. The

3

Defendant's initial appearance, detention hearing and three arraignments are the sole hearings that this Court can recall in this matter. It appears as though Judge Martinez accepted the Defendant's guilty plea and then conducted the sentencing thereafter as referenced above. Mr. Reagan's request for 6.3 hours of in-court time accurately reflects that there were not extensive in-court appearances by the Defendant Burgess in this matter.

11. The entire record does not support a finding of this matter being complex as defined above. Mr. Reagan is an extremely qualified criminal defense attorney who appears regularly in federal court in this division as well as other divisions of this district. This case arose from a "home invasion" which involved all the defendants originally named in the Complaint. The Defendant was taken into custody very shortly thereafter by law enforcement who responded to the scene. This Court cannot deny the fact that there was extensive documentation and discovery in this matter as reflected by the docket entries as well as notices of expert witness testimony if this case had gone to trial. However, there is nothing in the record to support a finding that this matter was so highly unusual that it would be necessary for the Court to find it to be "complex" as defined above. This Court is bound by those decisions and definitions.

12. This Court must also find that the matter was not "extended" as defined. The total time involved from the Defendant's initial appearance in September of 2012 through his sentencing in May of 2013 does appear, on its face, to be a long period of time. However, there were continuances which were granted by the District Court. Therefore, beginning with the filing of the Criminal Complaint in September of 2012 through the

Defendant's sentencing on May 9, 2013, only eight months expired. This would not justify a finding of this case being "extended."

13. This Court appreciates the services which were provided by Mr. Reagan to the Defendant Burgess in this case and Mr. Reagan's willingness to serve on the Criminal Justice Act list of attorneys who regularly accept court appointments when there is a conflict with the Office of the Federal Public Defender. This Court has stated innumerable times on the record that it must perform its function in this regard as a gatekeeper to balance out the entitlement of a defendant to competent representation and the ability of the court appointed counsel to be fully compensated. In reviewing Mr. Reagan's voucher, this Court is not specifically excluding any particular amount of time devoted by him in his representation of the Defendant Burgess. However, this Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant with the understanding and realization that there are limited CJA funds available in this district and nationwide for payment of such services.

14. It is a well known fact and this Court has reiterated this on the record on several occasions, that Congress has reduced the amount of funds for defender services nationwide. This includes funds for the Federal Public Defender and available funds for CJA counsel. This Court must make certain that defense counsel is adequately compensated in each case with the understanding that full compensation will probably not occur. In addition, this Court must make certain that such amounts exceeding the statutory cap as requested herein, are not paid unless there is sufficient justification under the applicable case law and statutory framework. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent

defendants in the future would be much more severe than it is under the present budgetary mess in which we find ourselves.

15. In reducing the amount sought by Mr. Reagan to the statutory cap of $9,700.00, this Court is not calling into question any of the tasks performed by Mr. Reagan nor the time devoted to those tasks as set forth in his supplemental material filed in support of his application. This Court is simply making a determination that under the statutory framework and definitions applicable in cases of this type which this Court is required to follow, this case does not meet the definitions of either being "extended" nor "complex." This Court must make certain that in performing its gatekeeper function, that there will be funds available in the future for indigent defendants who have not yet even been arrested. In other words, we cannot deplete all of the defender funds as we go along and then try to "figure out" a way to compensate counsel for those other indigent defendants who will need court appointed counsel well down the road.

16. As a result of the foregoing, Mr. Reagan's recovery of attorney's fees is limited to the statutory amount of $9,700.00 plus travel expenses in the amount of $918.58 which this Court finds to be reasonable and properly documented, together with other expenses in the amount of $24.80, for a total sum of $10,643.38.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 12-1898 be **GRANTED** insofar as Mr. Reagan be awarded the statutory maximum of $9,700.00 as reasonable attorney's fees together with travel expenses in the amount of $918.58 and other expenses in the amount of $24.80, for a total sum of $10,643.38.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E.

Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___1st___ day of August, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Edward Reagan, Esq.
Lucy Lara, CJA Administrator