UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14065-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMTANNA RODERICK BURGESS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATION NUMBERS 1 AND 2**

**THIS CAUSE** came before me for consideration of the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 249). Having conducted a hearing, I recommend as follows:

    1.    The Defendant appeared before me on July 16, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced that he wished to admit the violations set forth in the Petition. The Defendant admitted the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On April 2 and 9, 2021, and May 7, 2021, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 4, 2021, the defendant admitted to using marijuana on June 4, 2021. |

3. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on the violations. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. The Government proffered a factual basis for the admissions into the record. Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1 and 2.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his

supervised release as set forth in Violation Numbers 1 and 2, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 20th day of July, 2021.

_____
**SHANIEK M. MAYNARD**
**UNITED STATES MAGISTRATE JUDGE**